699 So.2d 848 (1997)
The STATE of Florida, Petitioner,
v.
Otis DAVIS, Respondent.
No. 97-1869.
District Court of Appeal of Florida, Third District.
October 1, 1997.
Robert A. Butterworth, Attorney General and Sandra S. Jaggard, Assistant Attorney General, for petitioner.
Bennett H. Brummer, Public Defender and Julie M. Levitt, Assistant Public Defender, for appellee.
Before GODERICH, GREEN and SORONDO, JJ.
PER CURIAM.
On April 29, 1997, Otis Davis, a juvenile, was arrested on charges of robbery and aggravated battery. The lower court in the juvenile division ordered Davis to be held in secured detention at the juvenile facilities. At a hearing on June 5, 1997, the state announced that it had direct filed the charges against Davis in the adult court. The state also advised the juvenile judge below that the matter was set for arraignment before a judge in the adult felony division on June 26, 1996. Over the state's objection, however, the lower court decided to conduct a bond hearing in response to Davis' ore tenus motion for a custody release. The lower court granted Davis an immediate release to the joint custody of his parents and sister with certain conditions, and ordered Davis to report to the adult county jail within 3 days to be booked on the charges. The state seeks a writ of certiorari quashing the order granting Davis a custody release. We grant the writ and quash the order under review.
We conclude that the lower court departed from the essential requirements of the law when it failed to immediately order that Davis be transported to the adult county jail upon the state's announcement that the charges had been direct filed in the adult division. Section 39.044(4)(a), Florida Statutes (1996), which was amended on June 2, 1996, specifically provides that:
(4) The court order shall order the delivery of a child to a jail or other facility intended or used for the detention of adults:
(a) When the child has been transferred or indicted for criminal prosecution as an adult pursuant to this part, except that the *849 court may not order or allow a child alleged to have committed a misdemeanor who is being transferred for criminal prosecution pursuant to s. 39.059 to be detained or held in a jail or other facility intended or used for the detention of adults; however, such child may be held temporarily in a detention facility; ... (emphasis added).
Prior to the amendment, juvenile courts could exercise their discretion in deciding whether the order of the delivery of a child to jail where the child was to be prosecuted as a adult. This amendment to the statute, however, makes clear that where a child is to be prosecuted as an adult for a felony offense, the juvenile courts must, forthwith, order the transfer of the juvenile to the adult county jail where the juvenile may be booked, processed, and released in the normal course as an adult under similar circumstances. Hence, we think that the mandatory requirements under section 39.044(4)(a) effectively preclude a juvenile court from serving as a first appearance judge where a juvenile is to be prosecuted as an adult on a felony charge.
We therefore grant certiorari and quash the order under review and remand with instructions that the appropriate judge in the adult felony division establish what, if any, Davis' pretrial release conditions should be.