WELLS, Judge.
The State seeks certiorari review of an order of the Circuit Court Juvenile Division denying the State’s motion to transport G.G., a juvenile, to the Dade County Jail. We grant the writ and quash the order under review.
G.G. was arrested for burglary of an unoccupied dwelling on August 31, 2006 and appeared before a juvenile court judge the following day. At that hearing, the State advised the juvenile court that it was reviewing the matter to determine whether to charge G.G. as an adult, that is, to direct file against him. See § 985.227, Fla. Stat. (2006). As a consequence, the juvenile court ordered that G.G. be held in secure detention pending the State’s decision.
On September 7, 2006, the juvenile court granted G.G.’s motion for home detention pending a hearing scheduled for September 21, on the State’s direct filing decision. On September 21, the State advised the juvenile court that it had filed charges against G.G. in adult court and requested that G.G. be transported to the Dade County Jail. The juvenile court denied the request stating:
*485 The Court [feels] that it [is] not necessary to transport the Child to the Dade County Jail. The Child has always shown up to Court in his prior appearances with his parents and his attorney. The Court [feels] that there [is] no useful purpose in having the Child taken into custody and then transported to the Dade County Jail. Therefore, the Court decline[s] to have the child [sic] transported to the Dade County Jail. The only purpose that could be served by transporting this Child under this set of circumstances was to be punitive as there was no other useful purpose to be served by the Child’s incarceration.
While the court’s reasons for refusing to transport G.G. to the Dade County Jail are understandable, the ruling is contrary to the controlling statutory provision as well as precedent from this court. See § 985.215(4)(a), Fla. Stat. (2005); State v. Lopez, 748 So.2d 384, 385 (Fla. 3d DCA 2000) (quashing an order denying a motion to transfer a juvenile to the Dade County Jail “so he could answer charges to be filed in the adult felony division”). As this Court has previously explained:
... [T]he lower court departed from the essential requirements of the law when it failed to immediately order that [the juvenile] be transported to the adult county jail upon the state’s announcement that the charges had been direct filed in the adult division. Section 39.044(4)(a), Florida Statutes (1996), which was amended on June 2, 1996, specifically provides that:
(4) The court order shall order the delivery of a child to a jail or other facility intended or used for the detention of adults:
(a) When the child has been transferred or indicted for criminal prosecution as an adult pursuant to this part, except that the court may not order or allow a child alleged to have committed a misdemeanor who is being transferred for criminal prosecution pursuant to. s. 39.059 to be detained or held in a jail or other facility intended or used for the detention of adults; however, such child may be held temporarily in a detention facility; ... (emphasis added).
Prior to the amendment, juvenile courts could exercise their discretion in deciding whether the order of the delivery of a child to jail where the' child was to be prosecuted as a[sic] adult. This amendment to the statute, however, makes clear that where a child is to be prosecuted as an adult for a felony offense, the juvenile courts must, forthwith, order the transfer of the juvenile to the adult county jáil where the juvenile may be booked, processed, and released in the normal course as an adult under similar circumstances.
State v. Davis, 699 So.2d 848, 848-49 (Fla. 3d DCA 1997).[1]
Accordingly, certiorari is granted.

. Section 39.044(4)(a) has been renumbered as section 985.215(4)(a) of the Florida Statutes.